1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Williams, | No. CV-16-00461-PHX-GMS |
| Plaintiff, | **JURY INSTRUCTIONS** |
| v. | |
| Alhambra School District No. 68, et al., | |
| Defendants. | |

Dated this 4th day of June, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

**INDEX**

1.4    DUTY OF JURY

1.8    TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

2.9    IMPEACHMENT EVIDENCE—WITNESS

2.15   CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

3.1    DUTY TO DELIBERATE

3.2    CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

3.3    COMMUNICATION WITH COURT

3.5    RETURN OF VERDICT

4.1    CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

       BUSINESS JUDGMENT

5.0    STATEMENT OF CLAIMS

**INSTRUCTIONS ON SECTION 1983 CLAIMS**

9.1    SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

9.3 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY

   – ELEMENTS AND BURDEN OF PROOF

9.6 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY

   DEFENDANTS BASED ON ACT OF FINAL POLICYMAKER—ELEMENTS

   AND BURDEN OF PROOF

9.10   PARTICULAR RIGHTS – EQUAL PROTECTION – PUBLIC EMPLOYEES-

       RACE DISCRIMINATION

**INSTRUCTIONS ON SECTION 1981 CLAIMS**

SECTION 1981

SECTION 1981 – ELEMENTS AND BURDEN OF PROOF

INSTRUCTIONS ON TITLE VII DISPARATE TREATMENT CLAIM

10.1    CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT

10.3    CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT-WHEN

    "MOTIVATING FACTOR"- ELEMENTS AND BURDEN OF PROOF

INSTRUCTIONS ON TITLE VII RETALAITION CLAIMS

10.8    CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN

    OF PROOF

10.10  CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN

    RETALIATION CASES

**INSTRUCTIONS ON DAMAGES**

5.1    DAMAGES—PROOF

COMPENSATORY DAMAGES

5.3    DAMAGES—MITIGATION

5.5    PUNITIVE DAMAGES

PUNITIVE DAMAGES AVAILABLE UNDER TITLE VII

5.6    NOMINAL DAMAGES

# INTRODUCTION

Members of the jury, before I instruct you, I am going to inform that all claims against Ms. Mari Alvarado and other contract claims against the School District have been dismissed.  I will now instruct you on the remaining claims that you will have to decide as members of the jury.

1

2

# 1.4 DUTY OF JURY

3

4

5

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

6

7

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

8

9

10

11

12

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

13

14

15

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

16

17

18

19

20

21

22

23

24

25

26

## 1.8 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# 2.9 IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness testified differently at trial than during a deposition may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1

## 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

2

3    Certain charts and summaries were admitted into evidence to illustrate information

4    brought out in the trial.  Charts and summaries are only as good as the testimony or other

5    admitted evidence that supports them.  You should, therefore, give them only such weight

6    as you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2

### 3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

3
4
5
6

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

7
8
9
10
11
12
13
14
15
16
17
18

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

19
20
21
22
23
24
25

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other

26

devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1
2

### 3.3 COMMUNICATION WITH COURT

3
4
5
6
7
8
9
10
11

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1

2

**3.5 RETURN OF VERDICT**

3

4       A verdict form has been prepared for you. After you have reached unanimous

5  agreement on a verdict, your foreperson should complete the verdict form according to

6  your deliberations, sign and date it, and advise the bailiff that you are ready to return to

7  the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## 4.1 CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

All parties are equal before the law and the Alhambra Elementary School District is entitled to the same fair and conscientious consideration by you as any party.

**BUSINESS JUDGMENT**

The law requires that an employer not unlawfully discriminate or retaliate against an employee.  An employer, however, may discharge an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all as long as its action is not for a discriminatory reason.

1

## 5.0  STATEMENT OF CLAIMS

2

3    Plaintiff has brought one claim pursuant to 42 U.S.C. § 1983:

4         1.    That Plaintiff was discriminated against on the basis of her

5                race/national origin;

6    This claim is brought against Alhambra Elementary School District, Ray

7  Martinez and Robert Zamora.

8

9    Plaintiff has one claim pursuant to 42 U.S.C. § 1981

10        1.    That Plaintiff was discriminated against on the basis of her race

11               while making and enforcing contracts

12   This claim is brought against Alhambra Elementary School District, Ray

13  Martinez and Robert Zamora.

14

15   Plaintiff has brought two claims under Title VII:

16        1.    That she was discriminated against on the basis of her race/national

17               origin;

18        2.    That she was retaliated against for opposing unlawful practices.

19               Both of these claims are brought only against Alhambra

20               Elementary School District.

21   Damages available on all of the above claims will be explained in the later

22  instructions.

23

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTIONS ON SECTION 1983 CLAIMS**

### 9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff has brought a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

### 9.3 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claim against either or both, Robert Zamora or Ray Martinez, the plaintiff must prove each of the following elements against that individual by a preponderance of the evidence:

1.    the defendant acted under color of state law; and

2.    the acts of the defendant deprived the plaintiff of her particular rights under the laws of the United States and the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Robert Zamora and Ray Martinez acted under color of state law.

If you find the plaintiff has proved each of these elements as to a particular defendant, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 9.10 your verdict should be for the plaintiff as to that defendant on this claim. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on the Section 1983 claim.

## 9.6 SECTION 1983 CLAIM AGAIST LOCAL GOVERNING BODY DEFENDANTS BASED ON ACT OF FINAL POLICYMAKER—ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claim against defendant Alhambra Elementary School District alleging liability based on the act of a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The Governing Board of Alhambra School District, acted under color of state law;

2. The Governing Board of Alhambra School District deprived the plaintiff of her particular rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as explained in later instructions;

3. The Governing Board of Alhambra School District, had final policymaking authority from Defendant Alhambra Elementary School District concerning these acts;

4. When the Governing Board of Alhambra School District, engaged in these acts, they were acting as a final policymaker for Defendant Alhambra Elementary School District; and

5. The acts of the Governing Board of Alhambra School District, caused the deprivation of the plaintiff's rights, that is, the Governing Board of Alhambra School District's acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

An entity acts "under color of state law" when the entity acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

I instruct you that the Governing Board of Alhambra School District had final policymaking authority from Defendant Alhambra Elementary School District concerning the acts at issue and, therefore, the third element requires no proof.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under the Instruction 9.10, your verdict should be for the plaintiff on this claim.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on this claim.

## 9.10 PARTICULAR RIGHTS – EQUAL PROTECTION – PUBLIC EMPLOYEES-RACE DISCRIMINATION

As previously explained, the plaintiff has the burden of proving that the intentional acts of Defendants deprived her of particular rights under the United States Constitution.  In this case, the plaintiff alleges that Defendants deprived her of her rights under the Equal Protection Clause of the Fourteenth Amendment by placing her on leave, failing to renew her contract, and discharging her from employment.

Under the Equal Protection Clause of the Fourteenth Amendment, all citizens have the right to be treated equally under the law, regardless of their race. In order to prove a defendant deprived the plaintiff of a right to equal protection, the plaintiff must prove the following additional elements by a preponderance of evidence:

      1.     the defendant took an adverse employment action against the plaintiff; and

      2.     the plaintiff's race was a substantial or motivating factor for the adverse employment action.

An action is an adverse employment action if it materially and detrimentally affects the terms, conditions or privileges of employment.

A substantial or motivating factor is a significant factor.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTIONS ON SECTION 1981 CLAIMS**

# SECTION 1981

The plaintiff has brought a claim of employment discrimination against the Alhambra Elementary School District and against the individual defendants Ray Martinez and Robert Zamora. The plaintiff claims that her race was a factor in the defendants' decision to discharge the plaintiff. The defendant denies that the plaintiff's race was a factor for the defendants' decision to discharge the plaintiff.

1

## SECTION 1981 – ELEMENTS AND BURDEN OF PROOF

2

3        As to the plaintiff's claim that her race was a motivating factor for the

4   defendant's decision to discharge her, the plaintiff has the burden of proving both of the

5   following elements by a preponderance of the evidence:

6            1.    one or more of the defendants deprived the plaintiff of the ability to

7                  make and enforce a contract. The term "make and enforce

8                  contracts" includes the making, performance, modification, and

9                  termination of contracts, and the enjoyment of all benefits,

10                 privileges, terms, and conditions of the contractual relationship;

11                 and

12           2.    the plaintiff's race was a factor in the defendant's decision to

13                 discharge the plaintiff.

14       If you find that the plaintiff has proved both of these elements, your verdict

15   should be for the plaintiff on this claim.  If, on the other hand, the plaintiff has failed to

16   prove either of these elements, your verdict should be for the defendant on this claim.

17

18

19

20

21

22

23

24

25

26

1

**INSTRUCTIONS ON TITLE VII DISPARATE TREATMENT CLAIM**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**10.1 CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT**

The plaintiff has brought a claim of employment discrimination against the Alhambra Elementary School District. The plaintiff claims that her race and national origin was a motivating factor for the defendant's decision to discharge the plaintiff. The defendant denies that the plaintiff's race and national origin were a motivating factor for the defendant's decision to discharge the plaintiff.

**10.3 CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT-WHEN "MOTIVATING FACTOR"- ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race or nation origin was a motivating factor for the defendant's decision to discharge her, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

      1.    the plaintiff was discharged by the defendant; and

      2.    the plaintiff's race or nation origin was a motivating factor in the defendant's decision to discharge the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTIONS ON TITLE VII RETALAITION CLAIMS**

**10.8  CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF**

The plaintiff seeks damages against Alhambra Elementary School District for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

      1.    the plaintiff:  wrote her December 5, 2013 letter to the Board in response to her 2013 evaluation;

      2.    Alhambra Elementary School District subjected the plaintiff to an adverse employment action; and

      3.    the plaintiff was subjected to adverse employment action because of her  opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of her opposition to unlawful discrimination if the adverse employment action would not have occurred but for that unlawful discrimination.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff on this claim.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for Alhambra Elementary School District on this claim.

**10.10  CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION"
IN RETALIATION CASES**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

1

**INSTRUCTIONS ON DAMAGES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**5.1 DAMAGES—PROOF**

2

3        It is the duty of the Court to instruct you about the measure of damages. By

4   instructing you on damages, the Court does not mean to suggest for which party your

5   verdict should be rendered. If you find for the plaintiff on the plaintiff's 1983, 1981 or

6   Title VII claims, you must determine the plaintiff's damages, if any. The plaintiff has

7   the burden of proving damages by a preponderance of the evidence. Damages means the

8   amount of money that will reasonably and fairly compensate the plaintiff for any injury

9   you find was caused by the defendant.

10        It is for you to determine what damages, if any, have been proved. Your award

11   must be based upon evidence and not upon speculation, guesswork or conjecture.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## COMPENSATORY DAMAGES

2

3          If you find for the plaintiff on her claims, you may award compensatory

4   damages.  In determining compensatory damages, you may consider:

5          The nature and extent of the injuries;

6          The loss of enjoyment of life experienced and that with reasonable probability

7   will be experienced in the future; and

8          The mental, physical, emotional pain and suffering experienced and which with

9   a reasonable probability will be experienced in the future.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## 5.3 DAMAGES—MITIGATION

2

3       The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate

4  means to avoid or reduce damages.

5       The defendant has the burden of proving by a preponderance of the evidence:

6              1.      that the plaintiff failed to use reasonable efforts to mitigate damages;

7                      and

8              2.      the amount by which damages would have been mitigated.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

### 5.4 PUNITIVE DAMAGES

3    If you find for the plaintiff, you may, but are not required to, award punitive

4  damages. The purposes of punitive damages are to punish a defendant and to deter similar

5  acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

6    The plaintiff has the burden of proving by a preponderance of the evidence that

7  punitive damages should be awarded and, if so, the amount of any such damages. You

8  may award punitive damages only if you find that the defendant's conduct that harmed

9  the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

10  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

11  injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the

12  circumstances, it reflects complete indifference to the plaintiff's safety or rights. An act

13  or omission is oppressive if the defendant injures or damages or otherwise violates the

14  rights of the plaintiff with unnecessary harshness or severity, such as by misusing or

15  abusing authority or power or by taking advantage of some weakness or disability or

16  misfortune of the plaintiff.

17    If you find that punitive damages are appropriate, you must use reason in setting

18  the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their

19  purposes but should not reflect bias, prejudice or sympathy toward any party. In

20  considering the amount of any punitive damages, consider the degree of reprehensibility

21  of the defendant's conduct

22

23

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## PUNITIVE DAMAGES AVAILABLE UNDER TITLE VII

If you find for the plaintiff on her Title VII claims, you may, but are not required to, award punitive damages.  Punitive damages available under Title VII are the same as for plaintiffs 1983 and 1981 claims described above, except that, you may find that conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

1

2

## 5.6 NOMINAL DAMAGES

3

4

5

6

        The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26